IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| SIMPSON VENTURES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MID-WEST METAL PRODUCTS ) <br> COMPANY, INC. ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> MID-WEST METAL PRODUCTS ) <br> COMPANY, INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> SIMPSON VENTURES, INC., ) <br> ) <br> Counterdefendant. ) | Civil Action File No. 306CV-901-WKW <br><br> **Demand for Jury Trial** |

**MID-WEST METAL'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM**

**I. MID-WEST METAL'S ANSWER**

Defendant Mid-West Metal Products Company, Inc. ("Mid-West Metal"), by counsel, for its Answer to Plaintiffs' Complaint answers the allegations as follows:

NATURE OF THE CASE

1.      With respect to Paragraph 1 of Plaintiff's Complaint, the Complaint speaks for itself. No response is required. Mid-West Metal denies all other allegations set forth herein.

2. With respect to Paragraph 2 of Plaintiff's Complaint, Mid-West Metal admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. 1338, but denies all other allegations in Paragraph 2.

3. Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 4 of Plaintiff's Complaint.

5. With respect to Paragraph 5 of Plaintiff's Complaint, Mid-West Metal admits that it is an Indiana corporation, with offices at 4211 E. Jackson St., Muncie, IN 47303. Mid-West Metal admits that it has been in business as Mid-West Homes For Pets.

## FACTS

6. With respect to Paragraph 6 of Plaintiff's Complaint, Mid-West Metal admits that it is doing business and has done business within the United States, and within the State of Alabama. Mid-West Metal is presently without sufficient information to admit or deny all remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. With respect to Paragraph 7 of Plaintiff's Complaint, Mid-West Metal admits that it has offered to sell, has made and is selling pet homes in the United States. Mid-West Metal admits that its products have been sold through retail stores in the United States. Mid-West Metal is presently without knowledge or information sufficient to form a belief as to whether its products are sold at a retail store known as For Paws Boutique located in Auburn, Alabama, as described in paragraph 7 of Plaintiff's Complaint.

8. Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 8 of Plaintiff's Complaint.

9. Mid-West Metal is presently without knowledge or information sufficient to form a belief as to the truth of Paragraph 9 of Plaintiff's Complaint.

10. Mid-West Metal denies Paragraph 10 of Plaintiff's Complaint.

11. Mid-West Metal denies Paragraph 11 of Plaintiff's Complaint.

12. Mid-West Metal denies Paragraph 12 of Plaintiff's Complaint.

13. Mid-West Metal admits Paragraph 13 of the Plaintiff's Complaint.

14. With respect to Paragraph 14 of Plaintiff's Complaint, Mid-West Metal admits that it has no license agreement with Plaintiff, but denies all allegations that state, suggest, or infer that any such license is necessary or that the absence of such is inappropriate or unlawful.

15. Mid-West Metal denies Paragraph 15 of Plaintiff's Complaint.

16. With respect to Paragraph 16, Mid-West Metal admits that it received a letter dated November 4, 2003, from a purported representative of Mr. Simpson. That letter speaks for itself as to its content. Mid-West Metal denies all other allegations set forth in Paragraph 16 of the Complaint.

17. With respect to Paragraph 17, Mid-West Metal admits that it received a letter dated November 19, 2003, from a purported representative of Mr. Simpson. That letter speaks for itself as to its content. Mid-West Metal denies all other allegations set forth in Paragraph 17 of the Complaint.

18. With respect to Paragraph 18, Mid-West Metal's products do not infringe Patent No. 483,156 ("the `156 Patent"). Mid-West Metal has continued to manufacture and sell the products in its Bay Isle Collection after November 19, 2003. Mid-West Metal denies all other allegations

set forth in Paragraph 18 of the Complaint.

19. Mid-West Metal denies Paragraph 19 of Plaintiff's Complaint.

20. With respect to Paragraph 20 of Plaintiff's Complaint, Mid-West Metal is without knowledge or information sufficient to form a belief as to the truth of this allegation.

21. With respect to Paragraph 21 of Plaintiff's Complaint, Mid-West Metal is without knowledge or information sufficient to form a belief as to the truth of this allegation.

22. With respect to Paragraph 22 of Plaintiff's Complaint, Mid-West Metal is without knowledge or information sufficient to form a belief as to the truth of this allegation.

23. With respect to Paragraph 23 of Plaintiff's Complaint, Mid-West Metal is without knowledge or information sufficient to form a belief as to the truth of this allegation.

24. Mid-West Metal denies Paragraph 24 of Plaintiff's Complaint.

25. Mid-West Metal denies Paragraph 25 of Plaintiff's Complaint.

26. Mid-West Metal denies Paragraph 26 of Plaintiff's Complaint.

## II. MID-WEST METAL'S AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Mid-West Metal pleads the following:

1. Plaintiff's claims are barred by laches.

2. Plaintiff's claims are barred by estoppel.

3. The '156 Patent is rendered invalid and/or unenforceable pursuant to the public use doctrine.

4. The '156 Patent is rendered invalid and/or unenforceable pursuant to the on sale bar doctrine.

5. The '156 Patent is rendered invalid and/or unenforceable because prior art made the

alleged invention obvious and/or anticipated.

6.    The '156 Patent claims are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and 112.

7.    Any products sold by Mid-West Metal do not infringe on the asserted claims of the `156 Patent, either literally or under the doctrine of equivalents.

8.    The '156 Patent may be unenforceable due to Plaintiff's inequitable conduct before the United States Patent and Trademark Office.

9.    Plaintiff is not the owner of the `156 Patent, and may not be the real party in interest or otherwise have standing to prosecute this lawsuit.

WHEREFORE, Defendant Mid-West Metal Products Company, Inc., prays that Plaintiff take nothing by way of his Complaint, for costs of this action, and for all other appropriate relief.

### III. MID-WEST METAL'S COUNTERCLAIM

For its Counterclaim against Simpson Ventures, Mid-West Metals, by counsel, does hereby incorporate by reference its Responses and Affirmative Defenses to the Complaint, and further alleges the following:

1.)    Mid-West Metals is an Indiana corporation, with its principal place of business located in Muncie, Indiana.

2.)    Simpson Ventures is, upon information and belief, an Alabama corporation, with its principal place of business in Auburn, Alabama.

3.)    Jeffrey Simpson is, upon information and belief, a resident of Auburn, Alabama.

4.)    Jeffrey Simpson is the purported inventor of the design depicted in United States Patent No. Des. 483,156 (the "'156 Patent"). Upon information and belief, Jeffrey Simpson licensed certain rights relating to the `156 Patent to Simpson Ventures.

5.) Venue is proper in this Judicial District, pursuant to 28 USC §§1391(b), 1331, and 1400, upon information and belief.

6.) This Court has subject matter jurisdiction here pursuant to 28 USC §§ 1331, 1338(a), 2201, and 2202.

7.) A real, immediate, and justiciable controversy exists between Mid-West Metals and Simpson Ventures with respect to these claims of infringement.

8.) Mid-West Metal makes and sells certain pet homes or cages. These products include a line of products marketed under the Bay Isle brand, and include model numbers 1824, 1830, 1836, and 1842 (the "Accused Products").

9.) Simpson Ventures has previously claimed that certain of the Accused Products infringe the `156 Patent. Simpson has now filed a lawsuit with this Court alleging the same.

10.) The Accused Products have not infringed and are not infringing the `156 Patent.

WHEREFORE, Mid-West Metal seeks a judicial determination of the respective rights and duties of the parties based on Mid-West Metal's contentions of non-infringement. Specifically, Mid-West Metals seeks a declaration from this Court that the Accused Products have not infringed and are not infringing the `156 Patent. Such a determination and declaration is necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the non-infringement of the `156 Patent.

## IV. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mid-West Metal hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Brett A. Ross
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: **bar@carrallison.com**
　　　　**gab@carrallison.com**

*Pro Hac Vice*:
James M. Hinshaw
Daniel L. Boots
Bingham McHale LLP
2700 Market Tower
10 W. Market Street
Indianapolis, Indiana 46204-4900
(317) 635-8900

Attorneys for Defendant Mid-West Metal
 Products Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 29th day of November, 2006:

Robert T. Meadows, III
Capell & Howard, P.C.
3120 Frederick Road
P. O. Drawer 2268
Opelika, Alabama 36803

Arthur A. Gardner
Gardner, Groff, Santos & Greenwald, P.C.
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339

                                                /s/ Brett A. Ross
                                                Of Counsel