IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SIMPSON VENTURES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDWEST METAL PRODUCTS COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |
| ************************************************ | ) Civil Action No. 3:06-CV-901-WKW |
| MIDWEST METAL PRODUCTS COMPANY, INC., | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| SIMPSON VENTURES, INC., | ) |
| | ) |
| Counterdefendant. | ) |

**MID-WEST METAL'S OPPOSITION TO
SIMPSON VENTURES' MOTION TO RECONSIDER**

COMES NOW Defendant/Counterclaimant Mid-West Metal Products ("Mid-West Metal"), by counsel, and respectfully submits the following Response in Opposition to Simpson Ventures, Inc.'s ("Simpson Ventures") Motion to Reconsider (Doc. No. 31).

Simpson Ventures' Motion to Reconsider should be denied. First, the Court reached the right conclusion the first time. Second, even if the Court were to apply the Kendall standard argued for now by Simpson Ventures, the conclusion would be the same – Mid-West Metal did not exceed the numerosity limitation and/or Simpson Ventures waived any basis for objecting to such. Accordingly, the Motion to Reconsider should be denied, and Simpson Ventures should be required

to proceed to answer fully Mid-West Metal's Interrogatories 14 through 28.

The Court's ruling of August 1, 2007, was the correct result. In its ruling, the Court granted Mid-West Metal's Motion to Compel "for the reasons Defendant [Mid-West Metal] provided." As Mid-West Metal had previously demonstrated, the numerosity limitation had not been exceeded through the submission of any alleged "subparts." Further, Mid-West Metal had demonstrated that Simpson Ventures' submission of its own Interrogatories demonstrates that its numerosity objection is incorrect, inconsistent and/or waived, and that Simpson Ventures had clearly waived any objection to the numerosity by proceeding to select and choose which Interrogatories it would respond to and those to which it would object – and by otherwise failing to follow this Court's guidelines and pursuing a protective order. Again, this Court got it right the first time, and there is no reason for the Court to waste any more of its resources on this issue.

Simpson Ventures has further argued that the Court applied the wrong standard in resolving the numerosity issue. The Court did not. First, as Simpson Ventures has admitted, the Alabama District Court has not adopted any known standard for resolving this particular issue, and neither has the 11th Circuit. This Court is thus free to exercise its discretion in applying whatever standard it felt was reasoned and reasonable. The <u>Ginn</u> standard certainly fits that requirement, as does the "common theme" standard referenced by Wright & Miller. Simpson Ventures concludes that this Court should have applied the <u>Kendall</u> standard here. Mid-West Metals respectfully disagrees. While the <u>Kendall</u> standard is often cited as providing guidance on this issue, Mid-West Metal submits that it truly does not. Instead, it essentially presents nothing more than a circular analysis – a subpart is considered "discrete" and thus separate if the subpart is separate, independent, and could stand alone. The standard can thus hardly be said to provide direction or guidance through such circular definitions. The <u>Ginn</u> standard presented by Mid-West Metal is the standard upon which <u>Kendall</u> was based, and provides the truly meaningful analysis – a subpart within an interrogatory is <u>not</u> separately counted if it is "logically or factually subsumed within and necessarily

related to the primary question." As this Court has already determined in applying this standard (or the "common theme" standard suggested by Wright & Miller), the Interrogatories submitted by Mid-West Metal do not exceed the numerosity limitation. Further, even if this Court were to attempt to *apply* the Kendall standard argued for by Simpson Ventures, Simpson Ventures has made no effort whatsoever to demonstrate *how* it would in fact be applied to Mid-West Metal's Interrogatories to reach the conclusion asserted by Simpson Ventures. Simpson Ventures has made no such effort, because if it had, such an exercise would *still* demonstrate that in fact Mid-West Metal's Interrogatories do *not* exceed the numerosity limitation. In other words, each of the alleged "subparts" (which Simpson Ventures has never bothered to identify or specify[1]) is in fact "secondary" to the "primary" question presented in each Interrogatory, and should thus not be separately counted.

It is within this Court's discretion to decide whether the Interrogatories submitted by Mid-West Metal exceed the numerosity limitation and/or whether Simpson Ventures has already waived any objection based on such grounds. The Court has already evaluated Simpson Ventures' objections, and rejected them. Accordingly, Mid-West Metal respectfully requests that this Court deny Simpson Ventures' Motion to Reconsider.

Respectfully submitted,

/s/ Brett A. Ross
BRETT A. ROSS
GREGORY A. BROCKWELL
*Attorneys for Mid-West Metal*

---

[1] Simpson Ventures has not even attempted to demonstrate what it contends to be a subpart, let alone a subpart that is "secondary to the primary question" (and thus not to be counted separately) vs. a subpart that is not secondary to the primary question (and thus supposedly to be counted separately).

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone:	(205) 822-2006
Facsimile:	(205) 822-2057
E-mail:	bar@carrallison.com
	gab@carrallison.com

James M. Hinshaw
**BINGHAM MCHALE LLP**
2700 Market Tower
10 W. Market Street
Indianapolis, IN  46204-4900
Telephone:	(317) 635-8900
Facsimile:	(317) 236-9907
E-Mail:	jhinshaw@binghammchale.com

**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 3rd day of August, 2007:

Robert T. Meadows, III
Capell & Howard, P.C.
3120 Frederick Road
P. O. Drawer 2268
Opelika, AL 36803

Arthur A. Gardner
Gardner, Groff, Santos & Greenwald, P.C.
2018 Powers Ferry Road, Suite 800
Atlanta, GA 30339

                /s/ Brett A. Ross
                Of Counsel