IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**EASTERN DIVISION**

| | |
|---|---|
| SIMPSON VENTURES, INC., )<br>     *Plaintiff*,     )<br>v.                           )<br>                              )<br>MID-WEST METAL     )<br>PRODUCTS                 )<br>COMPANY, INC.        )<br>     *Defendant*.     )<br>                              ) | Case No. 06-cv-00901-WKW-VPM |

**PLAINTIFF'S REPLY TO MID-WEST METAL'S OPPOSITION TO MOTION TO COMPEL AND FOR OTHER RELIEF**

Mid-West Metal's Opposition Brief attempts to divert attention away from the indisputable fact that Mid-West's employee witness, Brenda Bartlett admitted that at least some of her "factual" testimony was not based on her own observations, but instead was based on what Mid-West's attorney told her to say:

> Page 46
>
> …
>
> 23 Q Did you notice all the differences on your own, or
> 24 did you rely on Mr. Hinshaw to point those out to
> 25 you?
>
> Page 47
>
> 1 A The majority of them I realized on my own.

> 2 Q Which ones did you not realize on your own?
> 3 A I didn't pick up the gap across the top.
> 4 MR. HINSHAW: I'm going to object --

(Transcript of B. Bartlett deposition, 5/27/08).

Mid-West's argument about Mr. Wingate's need to "coordinate" his 30(b)(6) testimony with the other Mid-West deponents is a red herring, and Mid-West's attempt to extend "work-product" doctrine to factual evidence known to a witness independent of communications with an attorney is entirely without merit. And Mid-West's assertion of the attorney-client privilege, unfortunately, confuses <u>legal advice</u> rendered by an attorney to his client (which may be privileged) with <u>factual evidence</u> planted in the mind of a witness by the attorney (which is not privileged).

Plaintiff is not seeking discovery of the mental impressions or trial strategy of Mid-West's attorneys. Nor is Plaintiff seeking discovery into the substance of any communication of legal advice from Mid-West's attorney to Ms. Bartlett, or of any privileged communication of fact from Ms. Bartlett to Mid-West's attorney. What Plaintiff is seeking is factual information known to Ms. Bartlett apart from her communications with Mid-West's attorney: specifically, what purported differences Ms. Bartlett personally observed between Plaintiff's patented design and Mid-West's infringing

products before Mid-West's attorney pointed out other purported differences to her that she had not independently recognized.

Factual information known to a witness before being advised by an attorney can not properly be shielded from discovery under the attorney-client privilege or the work-product doctrine. *See Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981) ("A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communications to his attorney.") (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa 1962), emphasis added). Plaintiff is seeking to discover facts known to Ms. Bartlett, not communications she had with Mid-West's attorney about those facts.

What apparently troubles Mid-West so much is that Ms. Bartlett testified about a list of purported differences between Plaintiff's patented design and Mid-West's infringing products. Ms. Bartlett indicated that some items on that list were differences that she had noticed on her own, but that others were pointed out to her by Mid-West's attorney. So if she is

compelled to identify which items were hers, then by process of elimination it will be apparent which items were planted in her mind by the attorney. While this result may be distasteful to Mid-West, it is the result of their improper coaching of the witness, not the result of any breach of the attorney-client privilege.

Mid-West's opposition brief argues that the purported differences between Plaintiff's patented design and Mid-West's infringing products that Ms. Bartlett testified about are "obvious to the naked eye" and "readily apparent." The question is, "readily apparent" to whom—to Ms. Bartlett, or to Mid-West's attorney? What Plaintiff seeks to discover is what purported differences Ms. Bartlett observed, independent of the attorney's input. This information is not privileged, is not work-product, and is rightfully discoverable.

        Respectfully submitted this
        24th day of June, 2008.

         /s/ Arthur A Gardner_____
        Arthur A. Gardner
        GA Bar No. 283,995
        Email: agardner@gardnergroff.com
        GARDNER GROFF, GREENWALD
        & VILLANUEVA, P.C.
        2018 Powers Ferry Road, Suite 800
        Atlanta, Georgia 30339

        Tel: (770) 984-2300
        Fax: (770) 984-0098
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I electronically filed the foregoing PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    James M. Hinshaw
    Bingham McHale LLP
    2700 Market Tower
    10 W. Market Street
    Indianapolis, IN  46204-4900
    (317) 635-8900
    Pro Hac Vice

    Brett A. Ross
    Carr Allison
    100 Vestavia Parkway
    Birmingham, Alabama  35216
    (205) 822-2006

    ***Attorneys for Defendant***

    __/s/ Arthur A Gardner_____

    Arthur A. Gardner
    GA Bar No. 283,995
    Email:  agardner@gardnergroff.com
    GARDNER GROFF, GREENWALD
    & VILLANUEVA, P.C.
    2018 Powers Ferry Road, Suite 800
    Atlanta, Georgia 30339
    Tel:  (770) 984-2300
    Fax:  (770) 984-0098
    Attorneys for Plaintiff